IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 21-10013-1-JWB

RIGOBERTO TREJO-CHAVEZ,

    Defendant.

## MEMORANDUM AND ORDER

Defendant seeks a reduction in his sentence due to changes in the sentencing guidelines. (Doc. 114.) The government opposes the motion.[1] (Doc. 115.)

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

On March 3, 2022, Defendant pleaded guilty to a violation of 21 U.S.C. § 841(a), distribution of methamphetamine. (Doc. 78.) The court ordered a presentence report ("PSR") to be completed by the probation officer. The PSR calculated Defendant's total offense level as 33 and his criminal history score of 5, which included two points for committing the offense while under a criminal justice sentence. (Doc. 92 ¶¶ 66–68.) This resulted in a criminal history category

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

1

of III.  Defendant's sentencing guideline range was 168-210 months.  (*Id*. ¶ 105.)  Defendant filed a sentencing memorandum and requested that the court sentence him to 120 months, which was the statutory minimum.  (Doc. 94.)

On June 2, 2022, the court sentenced Defendant to 120 months.  (Doc. 97.)  Defendant now seeks a reduction due to a change in the guidelines.  Defendant's asserts that he is eligible for a reduction because he received status points which affected his sentence.  (Doc. 114.)  Defendant is correct that the amendment to the guidelines would result in a lower criminal history score and a lower guidelines range than set forth in the PSR.  After reducing his criminal history category to II, his amended guideline sentencing range is 151-188, which is above his sentence in this case.  As a result, the court cannot reduce his sentence.  *See* U.S.S.G. § 1B1.10(b)(2) ("the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . .").  Additionally, Defendant did not receive a guideline sentence but was sentenced to the statutory minimum.

Defendant's motion for a reduction (Doc. 114) is DENIED.

IT IS SO ORDERED.  Dated this 1st day of July 2024.

                                                   s/ John W. Broomes
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE