IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No.  21-10013-01-JWB

RIGOBERTO TREJO-CHAVEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion requesting legal papers.  (Doc. 117.) The motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

On March 3, 2022, Defendant pleaded guilty to a violation of 21 U.S.C. § 841(a), distribution of methamphetamine.  (Doc. 78.)  On June 2, 2022, the court sentenced Defendant to 120 months.  (Doc. 97.)  Defendant did not file an appeal.  In July 2024, the court denied Defendant's motion for a reduction of sentence.  (Doc. 116.)  Defendant has now filed a motion for certain filings in this criminal case, including the "indictment transcript, criminal docket, plea agreement, and sentencing transcript."  (Doc. 117.)  Defendant's filing does not indicate if he needs the filings in order to file a motion with the court.  Defendant is proceeding pro se.

A defendant does not have a constitutional right to a free transcript.  *Negron v. Adams*, 229 F.3d 1164 (10th Cir. 2000).  However, under 28 U.S.C. § 753(f), the United States shall pay the transcript fees for a defendant who is permitted to proceed in forma pauperis ("IFP") in pursuit of a § 2255 petition so long as the trial judge certifies that (1) the suit is nonfrivolous, and (2) the transcript is necessary to decide an issue in the suit.  *See* 28 U.S.C. § 753(f); *see United States v.*

1

*Suarez*, No. 03-20085-01-JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007). Additionally, although § 753(f) only references trial transcripts, the Tenth Circuit has applied the standard to requests for other free court filings. *See United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994); *see also Suarez*, 2007 WL 2323362, at *1 (concluding that the defendant needed to demonstrate a nonfrivolous claim in order to receive a free copy of his plea agreement).

In his motion, Defendant does not reference any specific claim that he wishes to pursue; he merely asks for the records. This does not satisfy the standard under § 753(f). *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).

Therefore, Defendant's motion (Doc. 117) is DENIED without prejudice. Defendant can file a new motion that complies with the standard set forth herein or contact the clerk's office for more information on how to obtain court filings.

IT IS SO ORDERED. Dated this 22nd day of August, 2024.

                                            s/ John Broomes  
                                            JOHN W. BROOMES  
                                            UNITED STATES DISTRICT JUDGE